UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**GLADYS ALVERIO WILLIAMS,** Individually
and on behalf of a class,

                            *Plaintiff*,

vs.

**DEUTSCHE BANK NATIONAL TRUST COMPANY
and FEIN, SUCH & CRANE, LLP.**
                            *Defendants.*

**DECLARATION**

Civil Action No.
11-CV-2607

---

David P. Case hereby declares the following to be true under the penalty of perjury:

1.    I am an attorney duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York. In addition, I am a partner in the law firm of Fein, Such & Crane, LLP (hereinafter referred to as "FSC"), a named defendant in the above-captioned action.

2.    This Declaration is based on personal knowledge and upon information and belief. The basis of my knowledge as to those matters stated upon information and belief is my review of the documents, notes, call logs, and computer records which are made, kept and maintained by FSC in the regular course of its business as well as my review of the papers filed in connection with the instant action.

3.    This Declaration is submitted in support of FSC's instant Motion to Dismiss made pursuant to Fed.R.Civ.P.12(b)(6). A copy of Plaintiffs Amended Complaint (hereinafter referred to as the "Complaint") is attached hereto as **Exhibit "A"**.

4.    This Declaration is further submitted as notice to Plaintiffs attorney, pursuant to

Fed.R.Civ.P.1 I (c)(2), of FSC's intention to file a motion with this Court requesting the imposition of sanctions on Plaintiff's attorney in the form of reasonable attorneys' fees pursuant to Fed.R.Civ.P.11(b), Fed.R.Civ.P.1 1(c), and 15 USCS § 1692k(a)(3) if the Complaint is not withdrawn within twenty one days of the date of service of this Declaration on Plaintiff.

     5.     By way of background, on March 3, 2011, FSC, on behalf of its client, Deutsche Bank National Trust Company (hereinafter "Deutsche"), filed a Notice of Pendency and a Summons and Complaint in the New York State Supreme Court for the County of Kings, Index Number 4955/2011, against Gladys Alverio Williams, the plaintiff herein, among others, seeking to foreclose a mortgage held by Deutsche, as a trustee, which was recorded in the County of Kings on August 2, 2007 in CRFN 2007000398658.  Copies of the State Court Notice of Pendency and the State Court Summons and Complaint are attached hereto as **Exhibit "B"**.

     6.     The mortgaged premises are located at 87 Adelphi Street, Brooklyn, New York 11205.

     7.     The mortgage had been assigned to Deutsche by virtue of an Assignment of Mortgage executed on February 25, 2011 which was subsequently sent to the Kings County Clerk's Office to be recorded on March 1, 2011.  A copy of the Assignment is attached hereto as **Exhibit "C"**.

     8.     In the instant Complaint, Plaintiff Williams, individually and on behalf of a proposed class (hereinafter referred to as "Plaintiff), through her attorneys, has asserted claims against FSC and Deutsche under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA") and Section 349 of the New York General Business Law.

     9.     In the Complaint, Plaintiff alleges that Deutsche acquires mortgages which are in default and seeks to collect unpaid balances owed pursuant to the mortgages.  The Complaint

further alleges that Deutsche utilizes FSC to enforce its rights under the mortgages.

10. The Complaint alleges that Plaintiff "received" the aforementioned state court complaint (Exhibit "B) on or about March 18, 2011.

11. Also, on or about April 13, 2011, in response to a request from Plaintiff's attorney, FSC sent a letter to Plaintiff's attorney, a copy of which is attached hereto as **Exhibit "D".** The mailing contained, as *enclosures* to the letter, two additional letters which listed the payoff and reinstatement figures for the subject mortgage. Also enclosed were copies of the original note and mortgage.

12. Plaintiff points out, in Paragraph 32 of the Complaint, that FSC sent the letters in response to a request.

13. The Complaint, however, fails to address the fact that that the subject request was made by Plaintiffs attorney and the responsive documents were sent by FSC to Plaintiff's attorney. Copies of the two letters which were *enclosed* as part of the mailing are attached to Plaintiff's Amended Complaint as Exhibit "C", however the cover letter (Exhibit "D"), which is addressed to Plaintiff's attorney, is not attached.

14. In paragraph 32 of the Complaint, it is alleged that FSC "mailed" two letters, however the Complaint does not identify to whom the letters were sent or that the letters were actually enclosures as opposed to independent mailings.

15. While the two letters attached to the Complaint contain Plaintiff's address, they were not sent to her. It is the standard practice of FSC to list defendants' addresses on letters containing payoff and reinstatement figures. This is done where, as here, the letters are actually sent to a defendant's attorney as enclosures.

16. Regarding the alleged clerical errors in the subject lines of the letters, this is

inconsequential because the letters are not subject to the provisions of the FDCPA. *See Memorandum of Law*.

17. Turning to the merits of the instant Complaint, Plaintiff's theory of recovery is predicated entirely on a regulatory ordinance of the City of New York which states that debt collection agencies must be licensed by the City of New York in order to collect debts in New York City, N.Y. City Admin. Code 20-489; N.Y. City Admin. Code 20-490.

18. FSC concedes that it did not possess a New York City debt collector license when the aforementioned letter (Exhibit "D") was sent and the state court summons and complaint were served on Plaintiff.

19. The Complaint alleges that FSC and Deutsche are "debt collection agencies" as defined by Section 20-489 of the Administrative Code of the City of New York. The Complaint states that FSC was required to be licensed in order to lawfully serve the state court summons and complaint on Plaintiff.

20. It is further alleged that FSC's failure to obtain a license constitutes a violation of Section 20-490. Plaintiff alleges that this failure to possess a license constitutes a violation of the FDCPA and the General Business Law.

21. Plaintiff also alleges, in Paragraph 45 of the Complaint, that the payoff and reinstatement figures contained "mischaracterizations about the debt."

22. It is important to reiterate that the payoff and reinstatement letters were not sent to Plaintiff, but rather to her attorney as enclosures. *See Memorandum of Law*.

I. **Section 20-489 and/or Section 20-490 of the Administrative Code of the City of New York**

23. Section 20-489 defines the term "debt collection agency." *See Memorandum of Law*.

24. Based on my review of FSC's entire foreclosure file for the underlying state court

action regarding communications between FSC and Plaintiff, the only contact made between FSC and Plaintiff in order to collect the subject debt consisted of the service of the state court summons and complaint.

25. The aforementioned letter (Exhibit "D") was sent to Plaintiff's attorney and, thus, it is not a communication with Plaintiff. *See Memorandum of Law*.

26. Also, consistent with my review of FSC's file, the service of the summons and complaint is the sole nexus between FSC and Plaintiff identified in the Complaint which is alleged to have been violative of Section 20-490 with respect to the named plaintiff herein. For the sake of clarity, it is noteworthy that this correlation between FSC's file and the Complaint requires a meticulous reading of Paragraphs 32, 45, and 46 of the Complaint. There is no allegation in the Complaint which states that FSC acted as a "debt collection agency" when it sent the letters attached to Plaintiff's Complaint as Exhibit "C" and there is no allegation that the letters were sent to Plaintiff.

27. FSC did not contact Plaintiff by telephone nor did it correspond or attempt to correspond with Plaintiff in any manner prior to the service of the summons and complaint. Upon receipt of the summons and complaint, Plaintiff retained counsel and interposed an answer *and* an amended answer, copies of which are attached hereto as **Exhibit "E"**. The initial answer is dated March 20, 2011, two days after the date on which Plaintiff alleges that she received the summons and complaint. Thereafter, as discussed above, Plaintiff's attorney requested and was provided back-up documentation on or about April 13, 2011.

28. Notably, neither the state court answer nor the amended answer allege violations of the Administrative Code of the City of New York, the FDCPA, or the General Business Law. In fact, the amended answer impliedly admits to the existence of the subject mortgage debt

by means of a negative pregnant, to wit: in the section of the amended answer entitled "defenses," Plaintiff states, "[t]his loan is defined as a 'high cost loan' pursuant to the New York Banking Law Section 6-1...this loan is defined as a subprime home loan pursuant to the New York Banking law Section 6-m."

**II.     Counts I and II of the Complaint**

29.     Count I of the Complaint purports to establish Plaintiff's right to recovery under the FDCPA.

30.     As demonstrated in the accompanying Memorandum of Law, by commencing the instant action and alleging violations of the FDCPA, Plaintiff is either unaware of or has chosen to ignore the plethora of recent decisions from courts within the Second Circuit which have ruled, in virtual unanimity, that the failure to obtain a license under Section 20-490 *does not* constitute a *per se* violation of the FDCPA.

31.     Count II of the Complaint alleges a violation of the General Business Law.  Plaintiff has not demonstrated that she can state a claim under Section 349 of the General Business Law because the Complaint does not allege that FSC engaged in consumer-oriented conduct in attempting to collect the debt at issue. *See Memorandum of Law*.  Plaintiff was not misled or injured as a result of being served with the summons and complaint.  As stated, FSC's contact with Plaintiff was limited to the filing and service of a legal pleading.

32.     To the best of my knowledge, based on an exhaustive review of the applicable case law, no court in the State of New York or elsewhere has held that a violation of Section 20-490 is actionable under the FDCPA or the General Business Law when a debt collector's contact with a consumer consists solely of the service of a summons and complaint.  *See Memorandum of Law*.

**III.     Conclusion**

33.     As demonstrated herein and in the accompanying Memorandum of Law, Plaintiff cannot demonstrate that FSC violated Section 20-490 of the Administrative Code of the City of New York because FSC's conduct in serving the state court summons and complaint does not render FSC a "debt collection agency" under Section 20-489. Because there was no violation by FSC of Section 20-490, no further inquiry is required in order to warrant dismissal of the Complaint pursuant to Fed.R.Civ.P.12(b)(6).

34.     Assuming, *arguendo,* that FSC violated Section 20-490, the Complaint remains subject to dismissal because a violation of Section 20-490 does not amount to a violation of the FDCPA or the General Business Law, particularly where, as in the instant case, FSC's only contact with Plaintiff occurred when Plaintiff was served with the state court summons and complaint.

35.     The conclusory nature of Plaintiff's claims under the FDCPA and the General Business Law provides additional justification for the dismissal of the Complaint.

36.     Lastly, Plaintiff's attorney's conduct in filing the instant Complaint was frivolous because Plaintiff's claims, contentions, and right to relief are unsupported by existing law. The surreptitious manner by which Plaintiff's attorney attempted to mislead the Court, as explained herein, is unjustifiable and forms the basis for the imposition of sanctions on Plaintiff's attorney in the event that the Complaint is not withdrawn pursuant to Fed.R.Civ.P.11(e)(2).

WHEREFORE, Plaintiff respectfully requests an Order of this Court dismissing Plaintiff's Complaint in its entirety and awarding any further and additional relief as the Court deems just and proper.

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.  This declaration is made on the 9th day of August, 2011.

/s/ David P. Case
David P. Case

5519489.1