UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
GLADYS ALVERIO WILLIAMS, Individually
and on behalf of a class,

                            Plaintiffs,                Civil Action No: 11-CV-2607

vs.                                                        DECLARATION

DEUTSCHE BANK NATIONAL TRUST COMPANY
and FEIN, SUCH & CRANE, LLP,

                            Defendants.
-----------------------------------------------------------------------

        David P. Case hereby declares the following to be true under the penalty of perjury:

        1.     I am an attorney duly admitted to practice law in the State of New York and in the United States District Court for the Southern District of New York. In addition, I am a partner in the law firm of Fein, Such & Crane, LLP (hereinafter referred to as "FSC"), a named defendant in the above-captioned action.

        2.     This Declaration is based on personal knowledge and upon information and belief. The basis of my knowledge as to those matters stated upon information and belief is my review of the documents, notes, call logs, and computer records which are made, kept and maintained by FSC in the regular course of its business as well as my review of the papers filed in connection with the instant action.

        3.     This Declaration is submitted in support of FSC's instant Motion for Sanctions against Plaintiff's attorney in the instant action, Shimshon Wexler, Esq., pursuant to Fed.R.Civ.P.11. Plaintiff's motion is based on Attorney Wexler's filing and presentation to this Court of the Amended Complaint in this action, a copy of which is attached hereto as **Exhibit "A"**.

4. This Declaration was served on Attorney Wexler at least twenty one days before the filing of the instant motion for sanctions in compliance with Fed.R.Civ.P.11(c)(2).

5. By way of background, on March 3, 2011, FSC, on behalf of its client, Deutsche Bank National Trust Company (hereinafter "Deutsche"), filed a Notice of Pendency and a Summons and Complaint in the New York State Supreme Court for the County of Kings, Index Number 4955/2011, against Gladys Alverio Williams, the plaintiff herein, among others, seeking to foreclose a mortgage held by Deutsche, as a trustee, which was recorded in the County of Kings on August 2, 2007 in CRFN 2007000398658.

6. The mortgaged premises are located at 87 Adelphi Street, Brooklyn, New York 11205.

7. The mortgage had been assigned to Deutsche by virtue of an Assignment of Mortgage executed on February 25, 2011 which was subsequently sent to the Kings County Clerk's Office to be recorded on March 1, 2011.

8. In the Amended Complaint, Plaintiff Williams, individually and on behalf of a proposed class (hereinafter referred to as "Plaintiff"), through Attorney Wexler, has asserted claims against FSC and Deutsche under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. ("FDCPA") and Section 349 of the New York General Business Law based on a purported violation of Section 20-490 of the New York City Administrative Code.

9. In the Amended Complaint, it is alleged that Deutsche acquires mortgages which are in default and seeks to collect unpaid balances owed pursuant to the mortgages. The Amended Complaint further alleges that Deutsche utilizes FSC to enforce its rights under the mortgages.

10. The Amended Complaint alleges that Plaintiff "received" the aforementioned state court complaint on or about March 18, 2011.

11. Significantly, for purposes of the instant motion for sanctions, on or about April 13, 2011, in response to a request from Attorney Wexler, FSC sent a letter, with enclosures, to Attorney Wexler. The mailing contained, as *enclosures* to the cover letter,

two additional letters which listed the payoff and reinstatement figures for the subject mortgage. Also enclosed were copies of the original note and mortgage. Copies of the letter and its enclosures are attached hereto as **Exhibit "B"**.

12. Plaintiff points out, in Paragraph 32 of the Amended Complaint, that FSC sent the letters in response to a request. No mention is made, however, regarding the source of the request.

13. The Amended Complaint fails to address the fact that that the subject request was made by Attorney Wexler and the responsive documents were sent by FSC to Attorney Wexler. Copies of the two letters which were *enclosed* as part of the mailing are attached to Plaintiff's Amended Complaint as Exhibit "C", however the cover letter which is addressed to Plaintiff's attorney is omitted.

14. Paragraph 32 of the Complaint merely alleges that FSC "mailed" two letters; it does not identify to whom the letters were sent or that the letters were actually enclosures as opposed to independent mailings.

15. While the two letters attached to the Complaint contain Plaintiff's address, they were not sent to her. It is the standard practice of FSC to list defendants' addresses on letters containing payoff and reinstatement figures. This is done where, as here, the letters are actually sent to a defendant's attorney as enclosures.

16. In Paragraph 22 of the Amended Complaint, it is alleged that "[i]n conveying...Exhibit C, defendants sought to collect a debt incurred for personal, family or household purposes..."

17. Paragraph 43 of the Amended Complaint alleges as follows: "Exhibit C violates 15 U.S.C. §§ 1692e, 1692e(2) and (10), 1692f, 1692f(1)."

18. Paragraph 53 of the Amended Complaint states that the second proposed class of plaintiffs consists of all individuals with New York addresses who "received a letter in the form of Exhibit C" during the one year period preceding the commencement of the instant action and within twenty days following commencement.

19. Paragraph 57 of the Amended Complaint states that the issue of "whether Exhibit C violates the FDCPA" is a common question of law and/or fact for each class of proposed plaintiffs identified in the Amended Complaint.

20. By omitting the cover letter and attaching only the enclosures to the Amended Complaint, Attorney Wexler attempted to mislead the Court. Attorney Wexler improperly presented only the enclosures to the Court without explaining that they were sent solely to him at his request.

21. The letters were inaccurately presented as "communications" with a debtor under the FDCPA.

22. Attorney Wexler attempted to present the letters to form the basis for a class action lawsuit against FSC. If he was successful in certifying a class, his conduct would have needlessly and exponentially increased FSC's cost of litigation in direct violation of Fed.R.Civ.P.11(b)(1).

23. The claims asserted in the Amended Complaint rely heavily on the false suggestion that debt collection letters were sent to Plaintiff. Because they were not, the Amended Complaint asserts frivolous claims in violation of Fed.R.Civ.P.11(b)(2) and its factual contentions lack evidentiary support in violation of Fed.R.Civ.P.11(b)(3).

24. Moreover, Attorney Wexler's conduct in filing the Amended Complaint violated Fed.R.Civ.P.11(b)(2) because Plaintiff's claims, contentions, and right to relief are unsupported by existing law.

25. In light of the fact that the subject letters were not sent to Plaintiff, Plaintiff's right to relief under the FDCPA and the General Business Law is predicated entirely on FSC's service of the state court summons and complaint without possessing a debt collector's license pursuant to Sections 20-489 and 20-490 of the New York City Administrative Code

26. Consistent with my review of FSC's file, the service of the state court summons and complaint is the sole nexus between FSC and Plaintiff. For the sake of clarity, it is noteworthy that this correlation between FSC's file and the Amended Complaint requires a meticulous reading of Paragraphs 32, 45, and 46 of the Complaint. There is no allegation in the Amended Complaint which states that FSC acted as a "debt collection agency" when it sent the letters attached to the Amended Complaint and there is no allegation that the letters were sent to Plaintiff.

27. FSC did not contact Plaintiff by telephone nor did it correspond or attempt to correspond with Plaintiff in any manner prior to or following the service of the state court summons and complaint. Upon receipt of the state court summons and complaint, Plaintiff retained Attorney Wexler who interposed an answer *and* an amended answer. Thereafter, as discussed above, Attorney Wexler requested and was provided back-up documentation on or about April 13, 2011.

28. To the best of my knowledge, based on an exhaustive review of the applicable case law, no court in the State of New York or elsewhere has held that a violation of Section 20-490 of the New York City Administrative Code is actionable under the FDCPA or the General Business Law when a debt collector's contact with a consumer consists solely of the service of a summons and complaint.

29. In conclusion, Attorney Wexler's conduct in filing the instant Amended Complaint was frivolous because Plaintiff's claims, contentions, and right to relief are unsupported by existing law. The surreptitious manner by which Plaintiff's attorney attempted to mislead the Court, as explained herein, is unjustifiable, frivolous, and forms the basis for the imposition of sanctions on Attorney Wexler pursuant to Fed.R.Civ.P.11(b).

WHEREFORE, Defendant Fein, Such & Crane, LLP respectfully requests an Order of this Court granting the instant Motion for Sanctions and imposing sanctions on Attorney Wexler requiring him to pay FSC's reasonable attorneys' fees and awarding any further and additional relief as the Court deems just and proper.

## DECLARATION

I declare under penalty of perjury that the foregoing is true and correct. This declaration is made on the 2nd day of September, 2011.

_____
David P. Case