UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLADYS ALVERIO WILLIAMS,<br>Individually and on behalf of a class,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DEUTSCHE BANK NATIONAL TRUST<br>COMPANY and FEIN, SUCH & CRANE, LLP,<br><br>　　　　　　　　　Defendants. | 11 Civ. 2607 (LBS)<br><br>**MEMORANDUM**<br>**& ORDER** |

SAND, J.

　　Plaintiff Gladys Alverio Williams ("Plaintiff") asserts that Defendants Deutsche Bank National Trust Company ("Deutsche Bank") and Fein, Such, & Crane, LLP ("FSC") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as well as Section 349 of the New York General Business Law, by failing to comply with New York Administrative Code § 20-490. This section requires that "debt collection agencies" be licensed by the City of New York in order to collect debts within the any of New York's five boroughs. Plaintiff asserts that when FSC—which is not licensed—filed a Notice of Pendency and a Summons and Complaint in New York State Supreme Court on behalf of its client, Deutsche Bank—also not licensed—Defendants violated § 20-490.

　　Defendants have moved to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. They also ask this court to impose sanctions on Shimshon Wexler, Plaintiff's attorney, pursuant to Federal Rules of Civil Procedure 11(b) and (c).

1

For the reasons that follow, Defendants' motion to dismiss Plaintiff's federal claim is granted with prejudice, Defendants motion to dismiss Plaintiff's state claim is granted without prejudice, and Defendants motion for sanctions is denied.

## I. Standard of Review

On a motion to dismiss, a court reviewing a complaint will consider all material factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir. 1999). "To survive dismissal, the plaintiff must provide the grounds upon which his claims rests through `factual allegations sufficient to raise a right to relief above the speculative level.'" *ATSI Commc'ns Inc. v. The Shar Fund, Ltd.*, 493 F.3d 87, 93 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, the plaintiff's complaint must include "enough facts to state a claim of relief that is plausible on its face." *Id.* at 1940 (citing *Twombly*, 550 U.S. at 570). Plausibility, in turn, requires that the allegations in the complaint "raise a reasonable expectation that discovery will reveal evidence" in support of the claim. *Twombly*, 550 U.S. at 556.

## II. Discussion

### A. Motion to Dismiss

Plaintiff's sole federal claim is that Defendants' failure to possess a license in violation of New York Administrative Code § 20-490 violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Ample case law in this circuit, however, indicates that the mere failure to possess a license in violation of § 20-490 does not constitute a *per se* violation of the FCDPA. *James v. Merchant & Professionals, Inc.*, No. 03 Civ. 1167, 2010 WL 785803, at *1

(E.D.N.Y. Mar. 8, 2010); *McDowell v. Vengroff, Williams, & Assocs., Inc.*, No. 04 Civ. 1068, 2006 WL 1720435, at *1 (E.D.N.Y. June 21, 2006); *Hirsch v. United Collection Corp.*, No. 03 Civ. 4884, 2005 U.S. Dist. LEXIS 42680, at *1 (E.D.N.Y. Jan. 27, 2005); *Richardson v. Allianceone Receivables Mgt., Inc.*, No. 03 Civ. 5519, 2004 WL 867732, at *2–4 (S.D.N.Y. Apr. 23, 2004); *but see Williams v. Goldman & Steinberg, Inc.*, No. CV-03-2132, 2006 WL 2053715, at *6 (E.D.N.Y. July 21, 2006). The most recent New York State decision is also in accord with the prevailing view. *Castillo v. Kenneth K. Frenkel, P.C.*, 918 N.Y.S.2d 818, 820 (N.Y. App. Div. 2010). Accordingly, Plaintiff's federal claim is dismissed with prejudice.

Plaintiff also asserts a state cause of action, namely, that the same violation of § 20-490 violates Section 349 of the New York General Business Law. Perhaps—but in this instance we decline to exercise supplemental jurisdiction over Plaintiff's state law claim, a discretionary decision within the power of the district court. *See Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215 (2d. Cir 2004). In a case like this, where "all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law- claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Plaintiff's state law claim is dismissed without prejudice.

**B. Sanctions**

Defendants allege that Shimshon Wexler, the Plaintiff's attorney, needlessly increased the cost of litigation, asserted frivolous claims, and made factual contentions that lack evidentiary support, thereby violating Federal Rules of Civil Procedure 11(b)(1), (2), and (3). Accordingly, Defendants request that we sanction Mr. Wexler. We refuse. Rule 11 sanctions are appropriate if, "under an objective standard of reasonableness it is clear ... that there is no

3

chance of success and no reasonable argument to extend, modify or reverse the law as it stands." *Morley v Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (citation and internal quotation marks omitted). While Plaintiff's federal claim is not persuasive, it is colorable insofar as there is some, albeit scant, case law in its favor, and therefore does not warrant Rule 11 sanctions. Defendants' motion for sanctions is without merit.

### III. Conclusion

For the foregoing reasons, Plaintiff's federal claim is dismissed with prejudice, while her state claim is dismissed without prejudice. Defendants' motion for sanctions is denied.

**SO ORDERED.**

November 15, 2011
New York, N.Y.

_____
U.S.D.J.